UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA L. BIXBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01214-TWP-TAB |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING PLAINTIFF'S MOTION FOR REMAND**

On May 26, 2010, Administrative Law Judge Reinhardt Korte (the "ALJ") rendered an

unfavorable decision on Plaintiff Brenda Bixby's ("Ms. Bixby") application for a period of

disability and disability insurance benefits ("DIB").  On January 14, 2008, Ms. Bixby filed

applications for DIB and SSI alleging that she has been disabled since January 1, 2004.  The

Agency denied her applications initially and upon reconsideration and in April 2010 Ms. Bixby

was granted a hearing before the ALJ.  Ms. Bixby contends that her due process rights were

violated in light of the fact that the ALJ stated at the time of the hearing, that he would keep the

record open for 60 days in order to allow her an opportunity to supplement the medical record,

but without explanation, prior to the running of the 60 days closed the record and rendered his

decision. The Court finds that the Motion should be **granted**.

**Discussion**

In their fillings with this Court, both Ms. Bixby and the Commissioner discuss the

remand request in terms of sentence six of 42 U.S.C. § 405(g).  A "sentence six" remand is a

non-appealable order entered for the purpose of receipt of new evidence, but unlike a sentence

four remand it does not determine whether the Commissioner's decision was correct.  *See*

*Shalala v. Schaefer,* 509 U.S. 292, 297 (1993).  Typically, a claimant is entitled to a "sentence six" remand under 42 U.S.C. § 405(g) "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."   It has been held that evidence is material if there is a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered, and 'new' means evidence not in existence or available to the claimant at the time of the administrative proceeding.  *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir.1997).

It is also well-settled in the law that "[i]t is a basic obligation of the ALJ to develop a full and fair record."  *Thompson v. Sullivan,* 933 F.2d 581, 585 (7th Cir. 1991) (quoting *Smith v. Secretary of Health, Education and Welfare,* 587 F.2d 857, 860 (7th Cir. 1978).  Toward the end of Ms. Bixby's April 14, 2010 hearing, after earlier dialogue regarding her inability to afford medical attention, her recent qualification for Medicaid and her intent to seek further medical examination and treatment, the ALJ stated in relevant part:

> **ALJ:**  ... what I'm going to have to do is keep the record open and how many days do you think you're going to need Dave?
>
> **ATTY**:   Well the appointment is set in about May 6-13.  I don't know how long it will take them to get their work done, judge, that's the problem.  I'd like to think about 60 days but I don't know how long - -
>
> **ALJ:**  Well I'll give you 60 days.  All right I'll keep it open for 60 days.
> ....
> **ALJ:**  Dr. Boyce, here's what I'm going to do. Counsel wants to keep the record open for 60 days and I'm going to allow that and when I get this information in, I've got two ways to go.  First of all I've got Dr. Thomas' testimony so I don't need to recall him.  I may have to do a supplemental hearing but it depends on my review of it.  I may send it out to you as an interrogatory, but I'll look at it first and make a determination which way we need to go because what I find most of the time is when there's an interrogatory done and then it's proffered to counsel, counsel demands a supplemental hearing so that's my tendency to go with the supplemental hearing.  So what I ask you to do is keep your notes on your testimony you've provided to this point, all right?
> ....

2

> **ALJ:**    Let's do this then.  Based on what I've put on the record we'll allow counsel 60 days.  If for some reason you need some additional time, let us know and I don't know that it would be a problem but you know how they push us to get these things out of here because they've been hanging around a couple of years all ready, so we'll do that and we'll see what we're going to need and most likely it would be a supplemental hearing and you heard my comments earlier about that ... .

Though promising to keep the record open for 60 days and perhaps longer, the ALJ issued an unfavorable decision on Ms. Bixby's application after only 41 days.  Subsequently, Ms. Bixby obtained an audiology report from the Hearing Center, Inc. for an evaluation held on April 6, 2010, which reports a hearing loss in both ears, with the loss in her left ear being moderate to severe.  Dr. Trinh Tran submitted a letter dated August 5, 2011 which describes her RFC based on a diagnosis of "Rheumatoid Arthritis, Osteoarthritis and Polymyalgia."  Ms. Bixby also obtained a letter dated August 17, 2011 from Dr. Ronald Duncan, the family practice doctor who took over patient responsibilities from the retired physician who once was Ms. Bixby's main treating doctor.  That letter lists a number of diagnoses and offers the opinion that "it is very unlikely that she will be able to participate in gainful employment."   Ms. Bixby has moved this Court for remand so that the ALJ can take these additional records into consideration.

The Commissioner argues that remand is not necessary because there is no reasonable probability that the ALJ would have reached a different conclusion had this additional evidence been included as part of the record.  To the point, the Commissioner contends that Dr. Tran and Dr. Duncan's letters fail to include any specific clinical findings to support their opinions and therefore could not receive significant weight.  Further, only the audiology exam and report would have been available to submit within the 60 days the ALJ was willing to leave the record open.  At bottom, the Commissioner argues the new evidence is not material.

The Court disagrees.  The hearing loss records in particular are potentially material evidence.  Moreover, there is a direct and simple reason for remanding this matter, and that is the promise by the ALJ to allow the submission of additional evidence.  The record developed by the ALJ is to be both "full and fair," and the adoption of an unfavorable decision prior to the stated evidentiary deadline fails the "fairness" test.  If, after setting the "Briefing Schedule in this case, the Court were to have rendered a decision in favor of the Ms. Bixby before the Commissioner had an opportunity to timely file its response, one would imagine that a well deserved objection would be lodged by the Commissioner.  There is no difference with regard to the hearing process before the ALJ.  The administrative official in charge of the proceedings stated that Ms. Bixby would have an opportunity within 60 days of the hearing to supplement the record and even offered to consider expanding that time period if such a request was made.  Ms. Bixby had a right to rely on that representation.

### Conclusion

Pursuant to sentence six of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security denying Ms. Bixby's application for DIB is REMANDED to the Commissioner to allow the record to be supplemented and to allow the ALJ to consider the implications of such supplementation.

SO ORDERED.      07/05/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

David Porter Murphy
dpmurphy504@aol.com